UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY REED,

        Plaintiff,

v.

SOUTH BEND NIGHTS, INC. d/b/a BEST
WESTERN HOSPITALITY HOTEL,

        Defendant.

_____/

Case No. 15-10443

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [10]**

      This matter comes before the Court on Defendant's motion for summary judgment.
Plaintiff Tracy Reed brings a claim of sex discrimination under Title VII against her former
employer, Defendant South Bend Nights, Incorporated (d/b/a Best Western Hospitality
Hotel). Plaintiff alleges she was terminated because she does not conform to traditional
gender stereotypes. For the reasons stated herein, Defendant's motion is denied.

**I.    Facts**

      Plaintiff states her sexual orientation is lesbian and she is married to a female. (Dkt.
1, at ¶ 8.)  She also claims she "is female and does not conform to traditional gender
stereotypes, in terms of her sexual orientation, mannerisms, and behavior." (Dkt. 1, at ¶
18.) Plaintiff began working for Defendant in the housekeeping department on or about
September 26, 2013. (Dkt. 1, at ¶ 9.) Her supervisor was Chelsea Sparks. (*Id.*) Shortly after
beginning her employment, Plaintiff left work due to a family emergency; she punched out
on the employee time clock, and punched back in upon returning later that same day. (*Id.*

at ¶ 10.) Ms. Sparks was not working on the day when Plaintiff left due to the family emergency. (*Id.*) According to Plaintiff, she received permission from "the person in charge" to leave work that day. (*Id.*) On another occasion, Plaintiff alleges a female employee was showing co-workers photos from a bachelorette party with male strippers. (*Id.* at ¶ 11.) Upon seeing the photos, Plaintiff explained she didn't "do men" and stated that she had "a bad ass bitch at the crib." (*Id.* at ¶¶ 11-12; Dkt. 10-7, at 34-35.) Plaintiff claims upon hearing this, Ms. Sparks "reacted ... with a disapproving face." (Dkt. 1, at ¶ 12.)

Shortly after the two incidents described, Ms. Sparks notified Plaintiff that she was firing her for leaving work without permission and because Plaintiff didn't "fit as part of [the] team." (Dkt. 1, at ¶ 14.) According to Plaintiff, Ms. Sparks also stated she didn't "feel comfortable with [Plaintiff's] sexuality." (*Id.*) A co-worker further claims she heard Ms. Sparks state "[Plaintiff] being gay was disgusting," and that she was "firing her." (Dkt. 13-4. at 5.) The co-worker additionally testified that Ms. Sparks told her Plaintiff "was crazy and acted too manly" and that Ms. Sparks "didn't want to work with her." (*Id.* at ¶ 6.)

Plaintiff alleges she was qualified for her job and was subject to an adverse employment action when she was terminated. She alleges a motivating factor for her termination was illegal sex discrimination because she did not conform to traditional gender stereotypes, and that any legitimate reasons put forth for terminating Plaintiff by Defendant are mere pretext for the discrimination. Defendant now moves for summary judgment.

## II.  Summary Judgment

It is well established that summary judgment under Federal Rule of Civil Procedure 56 is proper when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When

reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (internal citation omitted). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When considering the material facts on the record, a court must bear in mind that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*,  477 U.S. at 252.

## III.   Analysis

Title VII forbids employers from "discriminat[ing] against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that (1) she is a member of a protected class, (2) she was subject to an adverse employment decision, (3) she was qualified for the position, and (4) she was treated differently than a similarly situated individual outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once a complainant fulfills her initial obligation, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the action. *Id. See also Lautermilch v. Findlay City Sch.*, 314 F.3d 271, 275 (6th Cir. 2003). Once the employer has articulated some legitimate, nondiscriminatory reason for the action, the complainant has an opportunity to show that the stated reason was in fact pretext. *Lautermilch*, 314 F.3d at 275.

3

Defendant argues that the Court should grant summary judgment in its favor because Plaintiff fails to establish a *prima facie* case of sex discrimination. And even if Plaintiff has made out a *prima facie* case, Defendant argues summary judgment is appropriate because Defendant terminated Plaintiff for legitimate, non-discriminatory reasons and Plaintiff fails to show that such reasons were mere pretext. Plaintiff contends summary judgment should be denied because she is the member of a protected class, she suffered an adverse action by being fired, she was qualified for her job in the laundry department at the Best Western, and she was treated differently than others similarly situated. Plaintiff contends any legitimate reasons put forth by Defendant for terminating Plaintiff are mere pretext for discrimination.

### A.    *Prima Facie* Case

Plaintiff's complaint includes allegations of discrimination based on both her sexual orientation and gender stereotypes. For example, Plaintiff alleges her manager stated she thought "[Plaintiff] being gay was disgusting" and fired her because she didn't "feel comfortable with [Plaintiff's] sexuality." (Dkt. 1, at ¶¶ 16, 14.) But she also claims she was terminated because she "does not conform to traditional gender stereotypes" in terms of her "mannerisms[] and behavior." (Dkt. 1, at ¶ 18.)

Sexual orientation is not a protected class under Title VII. *See Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006). And while discrimination "on the basis of sexual orientation has no place in our society[,] ... Congress has not yet seen fit ... to provide protection against such harassment." *Bibby v. Phila. Coca-Cola Bottling Co.*, 260 F.3d 257, 265 (3d Cir. 2001). A claim that an individual has been discriminated against based on her sexual-orientation will not survive under Title VII.

A claim of discrimination based on gender stereotypes, however, can amount to a claim of sex discrimination under Title VII. *See Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (allegation that defendant denied plaintiff partnership in part because she was too "macho" and not "feminine" enough amounted to sex discrimination claim under Title VII). Under the gender-stereotyping theory, an employer discriminates on the basis of sex when it makes decisions based on "the degree to which an individual conforms to traditional notions of what is appropriate for one's gender." *Vickers*, 453 F.3d at 762. For example, if an employer "acts on the basis of a belief that a woman cannot be aggressive, or that she must not be, [it] has acted on the basis of gender." *Price Waterhouse*, 490 U.S. at 250. *See also Smith v. City of Salem, Ohio*, 378 F.3d 566, 572 (6th Cir. 2004).

The Sixth Circuit has acknowledged a "curious distinction" between claims of sexual-orientation discrimination and gender-stereotyping discrimination. In *Vickers*, the plaintiff argued that harassment by co-workers based on his sexual orientation amounted to gender-stereotyping discrimination because "in the eyes of his co-workers, his sexual practices ... did not conform to the traditionally masculine role." 453 F.3d at 763. The Sixth Circuit rejected this claim, noting that a plaintiff cannot "bootstrap protection for sexual orientation into Title VII" under the guise of a sex-stereotyping claim. *Id.* at 764 (internal citation omitted). Because the plaintiff "failed to allege that he did not conform to traditional gender stereotypes in any *observable way at work*," he had failed to allege a claim of gender-stereotyping. *Id.* at 764 (emphasis added). A Title VII claim for discrimination based on gender stereotypes thus requires a showing of discrimination based on gender non-conforming behavior "observed at work or affecting ... job performance" such as one's "appearance or mannerisms on the job." *Id.* at 763. *See also Dawson v. Bumble & Bumble*,

5

398 F.3d 211 (2nd Cir. 2005) (affirming dismissal of sex-stereotyping claim where no allegations of discrimination based on appearance or mannerisms were alleged).

Although in her response brief Plaintiff now "concedes that Defendant did not discriminate against [her] because she was homosexual" (Dkt. 13, at 19), it is important to note that even when couched as a gender-stereotyping claim (*e.g.*, "Plaintiff ... does not conform to traditional gender stereotypes, in terms of her sexual orientation"), such claims must be rejected under *Vickers*. (Dkt. 1, at ¶ 18.)

The Court thus turns to the allegations that support Plaintiff's claim of discrimination based on her failure to conform to gender stereotypes in any observable way at work. Plaintiff has submitted a sworn statement by Ashley Hargrove, a former co-worker and the daughter of Plaintiff's friend.[1] According to Ms. Hargrove, Ms. Sparks told her that Plaintiff "was crazy and acted too manly" and that Ms. Sparks "didn't want to work with" Plaintiff. (Dkt. 13-4, at ¶ 6.) In addition, Ms. Sparks testified at her deposition that Plaintiff "dressed more like a male than a female." (Dkt. 10-6, at 38.) According to Ms. Sparks, Plaintiff dressed differently from other employees in the housekeeping department because Plaintiff wore "khaki pants sagging a little with her belt tucked in" while other housekeepers wore scrub pants and a blue shirt. (*Id.*) She also stated that Plaintiff's "demeanor" was a "little more mannish." (*Id.* at 43.) Although Ms. Sparks stated that Plaintiff's demeanor did not factor into her decision to terminate her, she also testified that she terminated Plaintiff

---

[1] Although Ms. Hargrove is the daughter of a personal friend of the Plaintiff's, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions" and are not appropriately considered by the Court at the summary judgment stage. *Koren v. Ohio Bell Tele. Co.*, 894 F.Supp.2d 1032, 1037 (N.D. Ohio 2012) (citing *V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 470 (6th Cir. 2012)).

because she wasn't a good fit due to "the way she carried herself and the way she spoke and she was loud in the laundry room. She used profanity, a lot of profanity, and she was loud." (*Id.* at 13.) Plaintiff contends "[t]hese descriptions would be more typical of a male than a female" and are evidence that Plaintiff was discriminated against because of her failure to conform to traditional gender stereotypes. (Dkt. 13, at 16.)

The Court finds Plaintiff has put forth sufficient evidence in support of her allegation that she was discriminated against because she did not conform to traditional gender stereotypes in terms of her appearance, behavior, or mannerisms at work. *See Koren v. Ohio Bell Tele. Co.*, 894 F.Supp.2d 1032, 1037-39 (N.D. Ohio 2012) (finding genuine dispute as to material facts regarding whether the plaintiff's failure to conform to traditional gender stereotypes—by taking his husband's last name after marrying him ("a 'traditionally' feminine practice")—was the motivation behind his termination.). *C.f. Revely v. Cincinnati State Tech. & Cmty. Coll.*, No. 1-13-CV-353, 2014 WL 5607605, at *2 (S.D. Ohio Nov. 4, 2014) (granting summary judgment to defendant where plaintiff did not support her gender-stereotyping claim with evidence "that anyone ... ever commented unfavorably about her style of dress or believed that her appearance and demeanor were too masculine or insufficiently feminine"). Here, Ms. Sparks has testified that Plaintiff's "demeanor" was "a little more mannish" and Ms. Hargrove avows Ms. Sparks told her she did not want to work with Plaintiff because Plaintiff "acted too manly." When viewed in the light most favorable to Plaintiff—the non-moving party—there is a genuine issue of fact as to whether Plaintiff's termination was motivated by Plaintiff's failure to conform to traditional gender stereotypes in terms of her appearance and demeanor.

2:15-cv-10443-NGE-SDD   Doc # 14   Filed 12/22/15   Pg 8 of 9   Pg ID 329

With regard to the remaining elements of a *prima facie* case, Defendant does not contest that Plaintiff was qualified for her position at the Best Western. And while Defendant argues that Plaintiff neither suffered an adverse employment decision nor has shown that other employees were similarly situated to her, both arguments fail. First, Plaintiff was subject to an adverse employment decision because she was fired. *See Smith*, 378 F.3d at 575 ("[e]xamples of adverse employment actions include firing"). Second, Plaintiff has pointed to sufficient evidence in the record showing that there is at least a genuine issue of fact as to whether she was treated differently than other similarly situated employees. For example, Plaintiff has alleged Ms. Sparks permitted other employees to run personal errands during the workday without being terminated for doing so. (*See* Dkt. 10-7, at 28.) Plaintiff also points to testimony by Ms. Sparks comparing Plaintiff's appearance and behavior to other similarly situated employees. (*See* Dkt. 10-6, at 43-44 ("[Plaintiff] didn't carry herself like other housekeepers carried themselves. She didn't speak like the other housekeepers spoke.").)

### B.    Legitimate Reasons for Termination and Pretext

Although Defendant argues summary judgment should be granted because it has shown Plaintiff was terminated for legitimate reasons (*e.g.*, use of profanity at work and for leaving work without permission from the necessary person), the Court finds based on the above-described evidence there are genuine issues of material fact as to whether the proffered reasons for Plaintiff's termination were a mere pretext for sex discrimination.

## IV.  Conclusion

Being fully advised in the premises and having read the pleadings, the Court DENIES Defendant's motion for summary judgment.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  December 22, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 22, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager